### John W. Rood and another *vs.* Edward F. Hurd.

Where replevin is brought for property held by virtue of an execution, the process is not void, although property so held cannot be replevied under the statute.

In such a case therefore a motion to erase the cause from the docket for want of jurisdiction ought not to be granted.

Jurisdiction over the subject matter, the parties and the process, makes complete jurisdiction.

Replevin to recover property unlawfully detained; brought to the District Court of Litchfield County. The plaintiffs, after the property had been replevied to them, and the case had been entered in the docket of the court, filed a motion that it be erased from the docket, on the ground that it appeared by the declaration that the property when replevied was held by the defendant by virtue of an execution, and that replevin would not lie for property so held, and that the court had therefore no jurisdiction. The court (*Hitchcock, J.,*) overruled the motion, and after a judgment against them upon the merits the plaintiffs brought the record before this court by a motion in error, assigning as error the ruling of the court upon the motion to erase from the docket.

*McMahon*, with whom was *A. D. Warner*, for the plaintiffs.

*Cothren*, for the defendant.

PARK, C. J. The process in this case was not void and therefore the court committed no error in refusing to erase the cause from the docket. The court had jurisdiction of the subject matter of the suit, of the parties, and of the process; and this is all that constitutes jurisdiction. But the plaintiffs say that it has been held by this court, in the recent case of *Howard* v. *Crandall*, 39 Conn., 213, that the action of replevin will not lie to recover property held on execution. But that is a question merely as to the action being sustained and has nothing to do with the question of jurisdiction. A declaration may show no cause of action, and may be demurrable, but that does not affect the jurisdiction of the court, and is no ground whatever for erasing the case from the docket.

There is no error in the judgment complained of.

In this opinion the other judges concurred.